David C. Silver, Esq. (*pro hac vice forthcoming*)
Jason S. Miller, Esq. (*pro hac vice forthcoming*)
**SILVER MILLER**
11780 W. Sample Road
Coral Springs, Florida 33065
Telephone:     (954) 516-6000
E-mail: DSilver@SilverMillerLaw.com
E-mail: JMiller@SilverMillerLaw.com

Michael L. Braunstein, Esq.
**THE BRAUNSTEIN LAW FIRM, PLLC**
3 Eberling Drive
New City, New York 10956
Telephone:     (845) 642-5062
E-mail: mbraunstein@braunsteinfirm.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

**Civil Action No. _____**

MANFRED LAGEMANN, an individual; STEVEN KOENIG, an individual;
MITCH STERCKX, an individual; AIVARAS CEPELIS, an individual;
ROLAND MAWLABAUX, an individual; CAMERON PATTISON, an individual;
THI THANH XUAN DIANA VU a/k/a DIANA VU, an individual;
EDMOND TRUONG, an individual; VITALIY RUDENKO, an individual;
and YEW HWEE NG, an individual;

   Plaintiffs,

v.

JEREMY SPENCE, an individual; JAIME CRUZ-HERRERA, an individual;
JOHN DOE NO. 1 a/k/a BLACKXANTUS, an individual;
GERARD SPENCE, an individual; and EMILY SPENCE, an individual;

   Defendants.
_____/

## **COMPLAINT**

   Plaintiffs MANFRED LAGEMANN, an individual; STEVEN KOENIG, an individual;

MITCH STERCKX, an individual; AIVARAS CEPELIS, an individual; ROLAND

MAWLABAUX, an individual; CAMERON PATTISON, an individual; THI THANH XUAN

DIANA VU a/k/a DIANA VU, an individual; EDMOND TRUONG, an individual; VITALIY RUDENKO, an individual; and YEW HWEE NG, an individual (hereinafter collectively "Plaintiffs"), by and through undersigned counsel, hereby sue Defendants, JEREMY SPENCE, an individual ("SPENCE"); JAIME CRUZ-HERRERA, an individual ("CRUZ-HERRERA"); and JOHN DOE NO. 1 a/k/a BLACKXANTUS, an individual ("BLACKXANTUS") (SPENCE, CRUZ-HERRERA, and BLACKXANTUS collectively "the CSM FUND Defendants"); GERARD SPENCE, an individual; and EMILY SPENCE, an individual; pursuant to violations of common law to recover damages incurred by Plaintiffs as well as to obtain certain equitable relief related to the harm Plaintiffs have suffered.  In support thereof, Plaintiffs state as follows:

## PRELIMINARY STATEMENT

1.      This action seeks to remedy the exploitation of unsuspecting investors who placed their trust, as well as a significant amount of their cryptocurrency funds, into the hands of a self-promoted alternative currency trader/hedge fund manager and the entity through which he operated his deceptive scheme (COIN SIGNALS).  Vital to the success of the scheme was a "hype man" (CRUZ-HERRERA) and an investment technician (BLACKXANTUS) who purportedly managed the computer program that received and allocated funds within the supposed COIN SIGNALS hedge funds.

2.      To secure Plaintiffs' confidence and their digital assets, the CSM FUND Defendants employed a series of false and misleading representations -- all of which resulted in a devastating economic loss to Plaintiffs.

3.      SPENCE electronically solicited followers around the world to join him on social media channels and in online discussion groups focused on cryptocurrency investing.

4.      Behind the veil of the internet, SPENCE represented to Plaintiffs and others that he was operating several different hedge funds including the ALTS FUND, the LONG TERM FUND,

**SILVER MILLER**
11780 West Sample Road · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

and primarily for the purposes of this lawsuit, the COIN SIGNALS MEX FUND ("CSM FUND") as well as managed entry to an Initial Coin Offering (the "Evermarkets ICO") (all investment vehicles collectively the "FUND") that, *inter alia*, aggregated cryptocurrency investments and implemented a proprietary trading methodology through which investors would receive lucrative returns on their investments.

5.       In actuality, SPENCE was nothing more than a young, energetic con man who was operating a classic Ponzi scheme.

6.       The CSM FUND was not a hedge fund registered with any regulatory authority in the United States, nor did it adhere to any of the regulatory requirements such an investment fund is supposed to follow.

7.       Upon information and belief, assets contributed by investors to the CSM FUND were pooled in common investment trading accounts at several cryptocurrency exchanges (*e.g.*, Coinbase, Bittrex, BitMEX, Binance), though the contributors to the CSM FUND were not accredited in any way.  Additionally, the CSM FUND was not leveraged with financial backing from any funding source other than the investors' own cryptocurrency assets.

8.       Moreover, investment returns reflected by the CSM FUND were not legitimately generated returns; rather, they were simply reallocations to older investors of new investors' assets.

9.       At its height, the CSM FUND purported to hold as much as 1,300 bitcoin deposited by CSM FUND participants -- a sum valued at greater than Ten Million Dollars ($10,000,000.00).

10.      In late-2018, as the CSM FUND Defendants' scheme started to crumble, SPENCE prevented CSM FUND participants from withdrawing any of their assets.

11.      As more and more questions were raised by CSM FUND investors about the faltering nature of the CSM FUND, SPENCE proffered untenable excuses about "hacks" and "family emergencies" as a way to stall for time to plot his next move.

**SILVER MILLER**
11780 West Sample Road · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

12.     In or about September 2018, SPENCE announced that all investor funds were safe and were being prepared for return to all of the investors as a full liquidation for value. After permitting partial withdrawals for certain CSM FUND members, SPENCE represented in or about December 2018 that no further withdrawals or refunds would be processed for CSM FUND members.

13.     SPENCE further represented that at the time of his announcement, the CSM FUND only held approximately 200 bitcoin.  Plaintiffs' investments represent approximately half of those assets.

14.     As of the date of this filing, SPENCE is holding Plaintiffs' funds and has prevented Plaintiffs from accessing, withdrawing, or reclaiming those funds.

15.     Additionally, upon information and belief, SPENCE has transferred to his parents (GERARD SPENCE and EMILY SPENCE) a portion of the assets wrongfully taken from Plaintiffs in an attempt to fraudulently transfer funds that do not belong to him.

16.     Plaintiffs bring this action to recover from Defendants the lucrative financial assets taken from them under fraudulent pretenses and now withheld from them under equally unwarranted and unjust means.

## GENERAL ALLEGATIONS

### THE PARTIES

#### Plaintiffs

17.     Plaintiff MANFRED LAGEMANN is an individual domiciled in Queensland, Australia; and is *sui juris*.  Plaintiff LAGEMANN invested cryptocurrency in the CSM FUND.

18.     Plaintiff STEVEN KOENIG is an individual domiciled in Katy, Texas; and is *sui juris*.  Plaintiff KOENIG invested cryptocurrency in the CSM FUND.

**SILVER MILLER**
11780 West Sample Road · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

19.     Plaintiff MITCH STERCKX is an individual domiciled in Antwerp, Belgium; and is *sui juris*.  Plaintiff STERCKX invested cryptocurrency in the CSM FUND.  He also invested in the ALT FUND managed by SPENCE.

20.     Plaintiff AIVARAS CEPELIS is an individual domiciled in Trondheim, Norway; and is *sui juris*.  Plaintiff CEPELIS invested cryptocurrency in the CSM FUND.

21.     Plaintiff ROLAND MAWLABAUX is an individual domiciled in London, England, United Kingdom; and is *sui juris*.  Plaintiff MAWLABAUX invested cryptocurrency in the CSM FUND.

22.     Plaintiff CAMERON PATTISON is an individual domiciled in New South Wales, Australia; and is *sui juris*.  Plaintiff PATTISON invested cryptocurrency in the CSM FUND.

23.     Plaintiff THI THANH XUAN DIANA VU a/k/a DIANA VU is an individual domiciled in New South Wales, Australia; and is *sui juris*.  Plaintiff VU invested cryptocurrency in the CSM FUND.

24.     Plaintiff EDMOND TRUONG is an individual domiciled in Queensland, Australia; and is *sui juris*.  Plaintiff TRUONG invested cryptocurrency in the CSM FUND.

25.     Plaintiff VITALIY RUDENKO is an individual domiciled in Madrid, Spain; and is *sui juris*.  Plaintiff RUDENKO invested cryptocurrency in the CSM FUND.

26.     Plaintiff YEW HWEE NG is an individual domiciled in Singapore; and is *sui juris*. Plaintiff NG invested cryptocurrency in the CSM FUND.

**Defendants**

27.     Defendant SPENCE is an individual domiciled in New York, New York; is a citizen of the New York; and is *sui juris*.  At all times material hereto, SPENCE was a principal of COIN SIGNALS and served as its primary promoter.

**SILVER MILLER**
11780 West Sample Road · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

28.     Defendant CRUZ-HERRERA is an individual domiciled in North Bergen, New Jersey; is a citizen of the State of New Jersey; and is *sui juris*.  At times material hereto, CRUZ-HERRERA was a classmate of SPENCE's at New York University, and the two also shared an apartment together as roommates.

29.     Defendant JOHN DOE NO. 1 a/k/a BLACKXANTUS is an individual believed to be domiciled in the United States and *sui juris*.  His true name is unknown at this time, as is the state of his domicile.  BLACKXANTUS purported to be the person who operated the computerized program that received investor deposits into the CSM FUND, subsequently allocated assets within the CSM FUND, and prepared the information that falsely represented to CSM FUND members what their individualized FUND holdings were at any time.

30.     Defendant GERARD SPENCE is an individual domiciled in Bristol, Rhode Island; is a citizen of the State of Rhode Island; and is *sui juris*.  Defendant GERARD SPENCE is Defendant JEREMY SPENCE's father.  Upon information and belief, at all times material hereto, Defendant GERARD SPENCE was married to Defendant EMILY SPENCE.

31.     Defendant EMILY SPENCE is an individual domiciled in Bristol, Rhode Island; is a citizen of the State of Rhode Island; and is *sui juris*.  Defendant EMILY SPENCE is Defendant JEREMY SPENCE's mother.  Upon information and belief, at all times material hereto, Defendant EMILY SPENCE was married to Defendant GERARD SPENCE.

32.     In addition to those persons and entities set forth as Defendants herein, there are likely other parties who may well be liable to Plaintiffs but respecting whom Plaintiffs currently lack specific facts to permit them to name such person or persons as a party defendant.  By not naming such persons or entities at this time, Plaintiffs are not waiving their right to amend this pleading to add such parties, should the facts warrant adding such parties.

**SILVER MILLER**
11780 West Sample Road · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

## JURISDICTION AND VENUE

33.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §
1332 because the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00),
exclusive of interest, costs and attorneys' fees, and is an action between citizens of different states.

34.     This Court has personal jurisdiction over the defendants because: (a) several
defendants operate an entity that is present and/or doing business within this jurisdiction, (b) several
defendants are individuals residing and working within this jurisdiction, and (c) the defendants'
tortious activity occurred within this jurisdiction.

35.     Venue of this action is proper in this Court pursuant to 28 U.S.C. § 1391, as the
causes of action alleged herein arose in New York, New York County, New York.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

36.     In or about December 2017, SPENCE started a group on Telegram (an online
mobile and desktop messaging service through which members exchange private, secure messages)
to solicit from cryptocurrency holders interest in investments in COIN SIGNALS, the company
SPENCE purported to be operating.

37.     As represented by SPENCE, COIN SIGNALS utilized trading algorithms and
unique models to process cryptocurrency trading data and exploit trading opportunities in such a
way that would generate significant investment returns for the company's investors.

38.     SPENCE, on behalf of COIN SIGNALS, made general solicitations to obtain
investor funding, including, upon information and belief, soliciting and/or selling to unaccredited
investors (as defined under federal and state rules and regulations) those investments.  Plaintiffs
were among the unaccredited investors solicited by SPENCE.

39.     SPENCE promoted himself as a successful cryptocurrency trader who was looking
for investors willing to join him on his "journey to 50x portfolio value this year."  In one of his

**SILVER MILLER**
11780 West Sample Road · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

December 2017 posts, SPENCE wrote: "If you guys stick with me in 2018[,] you have no excuse not to 20x your money.  If you don't[,] you will get a full group refund . . . ."

40.      After having generated interest on Telegram and having gathered a significant number of interested investors in COIN SIGNALS, SPENCE moved the group over to Discord, another online messaging and chat service in which participants congregate in "chat rooms" to discuss, in a group setting, matters of common interest.

41.      Once they relocated themselves to Discord, SPENCE further narrowed the group and created a private subgroup -- including Plaintiffs -- to discuss the CSM FUND and what each investor had to do to participate in the CSM FUND.

42.      To be a member of the CSM FUND subgroup on Discord, a person had to be invited to join the subgroup through a unique web link.

43.      Plaintiffs were all invited, and all joined, that Discord subgroup.

44.      SPENCE actively solicited Plaintiffs to invest in the CSM FUND by, amongst other things, making to Plaintiffs the following representations about himself:

(a)      SPENCE is an accomplished cryptocurrency trader;

(b)      SPENCE's investment strategies had made him wealthy; and

(c)      SPENCE's investment strategies were primed to increase the value of his personal cryptocurrency portfolio by as much as 50x in the coming year.

45.      With regard to the CSM FUND itself, SPENCE made to Plaintiffs the following representations to induce Plaintiffs into investing in the CSM FUND:

(a)      Plaintiffs would enjoy terrific growth potential after transferring their investment assets to the CSM FUND;

(b)      Investing in the CSM FUND would suit Plaintiffs' investment goals;

(c)      Plaintiffs' investments would provide them high returns with little or no risk;

SILVER MILLER
11780 West Sample Road · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

      (d)     Investing in the CSM FUND would be life changing for Plaintiffs and would greatly strengthen their financial holdings; and

      (e)     The proprietary investment strategies employed by the CSM FUND were expected to provide each CSM FUND participant a 20x or greater return on investment within one year.

46.     CRUZ-HERRERA, appearing under the screen name CryptoSpaceGuy, actively participated in the Discord chatroom as a strong supporter of SPENCE and the CSM FUND.

47.     Unbeknownst to Plaintiffs at the time, SPENCE and CRUZ-HERRERA were close friends, were classmates at New York University (as recently as 2017), and shared an apartment together as roommates.

48.     Additionally, SPENCE and CRUZ-HERRERA had a history of working with one another in the past, having co-founded a company in or about late-2016 called Snaplink (originally called "Slipcode") -- a self-described "software-as-a-service (SaaS) tool that helps marketers maximize results of using URL-linked snapcodes in their print ads" -- and another company at or about the same time called Playbook (an eReader curating venture development articles and blogs for startup business founders).

49.     Upon information and belief, SPENCE and CRUZ-HERRERA had agreed to have CRUZ-HERRERA serve in the Discord chats as a "hype man" -- pumping up Plaintiffs with his glowing endorsements of SPENCE and the CSM FUND -- while concealing his numerous close ties to SPENCE outside of the CSM FUND itself.

50.     Moreover, unbeknownst to Plaintiffs at the time, CRUZ-HERRERA was duly compensated for promoting the CSM FUND and SPENCE to the Discord subgroup, including Plaintiffs.

51.     Additionally, BLACKXANTUS likewise appeared on the Discord chats and pumped up the opportunity to invest in the FUND.

**SILVER MILLER**
11780 West Sample Road · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

52.     Moreover, BLACKXANTUS served as the "intake" person who received incoming cryptocurrency deposits into the CSM FUND; and he, upon information and belief, created or assisted in creating the profit and loss statements that represented to investors (including Plaintiffs) the purported size and vitality of the CSM FUND, which further enticed investors upon seeing the impressive returns the CSM FUND was allegedly producing.

53.     In reasonable reliance on the representations as they had been made to Plaintiffs by the CSM FUND Defendants about the FUND, Defendant SPENCE's credentials, and the other representations noted above; Plaintiffs made the following investments in the FUND:

| NAME | ASSETS INVESTED | APPROX. VALUATION OF ASSETS INVESTED (as of June 1, 2018) |
|---|---|---|
| Manfred Lagemann | 17.2 bitcoin<br>9 Ether | $129,000.00<br>$5,400.00 |
| Steven Koenig | 7.8 bitcoin | $58,500.00 |
| Mitch Sterckx | 22.6 bitcoin<br>12 Ether | $169,500.00<br>$7,200.00 |
| Aivaras Cepelis | 14.4 bitcoin<br>7 Ether | $108,000.00<br>$4,200.00 |
| Roland Mawlabaux | 10 bitcoin | $75,000.00 |
| Cameron Pattison | 10 bitcoin | $75,000.00 |
| Diana Vu | 11.9 bitcoin | $89,250.00 |
| Edmond Truong | 9.7 bitcoin | $72,750.00 |
| Vitaliy Rudenko | 5.4 bitcoin | $40,500.00 |
| Yew Hwee Ng | 7.5 bitcoin | $56,250.00 |
| TOTAL | 116.5 bitcoin<br>28 Ether | $ 890,550.00 |

54.     At the time the above-listed representations were made to Plaintiffs, the CSM FUND Defendants knew or should have known the representations were false, yet the CSM FUND Defendants made them anyway to induce Plaintiffs to invest their money in the CSM FUND.

SILVER MILLER
11780 West Sample Road · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

55.     Moreover, to conceal SPENCE's own financial stake in the CSM FUND and responsibility to the CSM FUND participants, SPENCE and BLACKXANTUS recorded as a fifteen percent (15%) "tip" the fees and commissions paid to the CSM FUND's proprietors on each CSM FUND investment, rather than conceding the mandatory commission payment that it was.

56.     Despite his purposeful mischaracterizations, SPENCE received both direct and indirect compensation for managing the CSM FUND.

57.     In a similar manner to CRUZ-HERRERA, BLACKXANTUS was duly compensated for his services to the CSM FUND.

58.     As time advanced, the CSM FUND appeared to be losing significant value, which SPENCE represented to Plaintiffs was the result of hacks and market factors beyond his control. Notwithstanding these troubling losses, Plaintiffs unwittingly accepted SPENCE's explanations and maintained their investment positions in the CSM FUND.

59.     In late-2018, Plaintiffs became growingly concerned about the CSM FUND's losses; and Plaintiffs questioned SPENCE about the seemingly troubled state of the CSM FUND.

60.     At that time, SPENCE told Plaintiffs that he would not allow any more withdrawals from the CSM FUND, which greatly concerned Plaintiffs and caused them to dig deeper into SPENCE's activities.

61.     In the course of uncovering the truth about SPENCE, COIN SIGNALS, and the FUND, Plaintiffs learned the following material facts pertaining to their investments in the FUND:

> (a)     COIN SIGNALS was not a legally formed entity registered with any governmental authority, including the New York Department of State's Division of Corporations;
>
> (b)     The CSM FUND was not registered as a hedge fund with, nor did it obtain an exemption from registration from, any state or federal securities regulatory authority;
>
> (c)     The account statements presented to each investor, including Plaintiffs, purporting to reflect the investor's holdings in the CSM

SILVER MILLER
11780 West Sample Road · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

FUND were fabricated by the CSM FUND Defendants with false and misleading information;

(d)   The profit and loss statements presented to CSM FUND investors, including Plaintiffs, which purported to reflect the financial strength of the CSM FUND were fabricated by the CSM FUND Defendants with false and misleading information;

(e)   The CSM FUND was not a hedge fund at all; and

(f)   The confidence the CSM FUND Defendants had instilled in Plaintiffs based on SPENCE's purported success as a cryptocurrency investor was entirely baseless, as SPENCE made his profits by operating a Ponzi scheme, not through verifiable investment strategies.

62.   One private chatroom message posted by BLACKXANTUS (just recently discovered by Plaintiffs) and exchanged with other CSM FUND administrators revealed not only the truth behind the Ponzi scheme but also the CSM FUND Defendants' utter disdain for the CSM FUND investors of whom they had taken advantage:



As BLACKXANTUS admitted, investors' deposits did not go toward an investment program; rather, the funds were taken by the CSM FUND Defendants to, *inter alia*, pay off their own debts.

63.   Plaintiffs did not know, and through the exercise of reasonable diligence could not have discovered, the fraudulent misrepresentations that were being perpetrated upon them by the CSM FUND Defendants.

64.   The CSM FUND Defendants' actions, omissions, and misrepresentations constituted a fraud and deceit on Plaintiffs.

SILVER MILLER
11780 West Sample Road · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

65.     As a result of the above-cited actions, omissions, and misrepresentations, Plaintiffs has been damaged in that they have lost 116.5 bitcoin and 28 Ether, which represent the cryptocurrency they invested in the CSM FUND Defendants' fraudulent FUND.

66.     SPENCE used his position of trust with the CSM FUND to induce Plaintiffs' investments and successfully conduct and conceal all of the misleading and fraudulent activity perpetrated upon Plaintiffs in connection with the CSM FUND.

67.     Plaintiffs have duly performed all of their duties and obligations, and any conditions precedent to Plaintiffs bringing this action have occurred, have been performed, or else have been excused or waived.

68.     To enforce their rights, Plaintiffs have retained undersigned counsel and are obligated to pay counsel a reasonable fee for its services, for which the CSM FUND Defendants are liable as a result of their bad faith and otherwise.

## COUNT I – FRAUDULENT INDUCEMENT
### [AGAINST DEFENDANT JEREMY SPENCE]

Plaintiffs re-allege, and adopt by reference herein, Paragraphs 1 - 68 above, and further allege:

69.     SPENCE, by acts of both omission and commission, made false statements to Plaintiffs concerning material facts about their investments.

70.     SPENCE knew at the time the statements were made to Plaintiffs that the statements were false.

71.     SPENCE intended that Plaintiffs would be induced into action by relying upon the statements of fact he made to them.

72.     In the course of investing their cryptocurrency through the CSM FUND Defendants and entrusting the CSM FUND Defendants to properly handle their investments, Plaintiffs reasonably and justifiably relied on the statements of fact made to them by SPENCE.

SILVER MILLER
11780 West Sample Road · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

73.      As a direct and proximate result of Plaintiffs' reliance on the statements made to them by SPENCE, Plaintiffs have suffered damage.

WHEREFORE, Plaintiffs MANFRED LAGEMANN, an individual; STEVEN KOENIG, an individual; MITCH STERCKX, an individual; AIVARAS CEPELIS, an individual; ROLAND MAWLABAUX, an individual; CAMERON PATTISON, an individual; THI THANH XUAN DIANA VU a/k/a DIANA VU, an individual; EDMOND TRUONG, an individual; VITALIY RUDENKO, an individual; and YEW HWEE NG, an individual; demand entry of a judgment against Defendant JEREMY SPENCE, an individual, for an amount within the jurisdictional limits of this court, including an award of interest and costs.

## COUNT II – BREACH OF FIDUCIARY DUTY
### [AGAINST DEFENDANT JEREMY SPENCE]

Plaintiffs re-allege, and adopt by reference herein, Paragraphs 1 - 68 above, and further allege:

74.      Plaintiffs and SPENCE shared a relationship whereby:

    (a)      Plaintiffs reposed trust and confidence in SPENCE, and

    (b)      SPENCE undertook such trust and assumed a duty to advise, counsel and/or protect Plaintiffs.

75.      SPENCE owed Plaintiffs a fiduciary duty to, among other things:

    (a)      disclose to Plaintiffs all material information pertaining to Plaintiffs' investments in the CSM FUND; and

    (b)      refrain from making false statements or creating misimpressions of material fact as they relate to Plaintiffs' investments in the CSM FUND.

76.      SPENCE breached his duty to Plaintiffs.

77.      As a direct and proximate result of Plaintiffs' reliance on the statements made to them by SPENCE, Plaintiffs have suffered damage.

WHEREFORE, Plaintiffs MANFRED LAGEMANN, an individual; STEVEN KOENIG, an individual; MITCH STERCKX, an individual; AIVARAS CEPELIS, an individual; ROLAND

**SILVER MILLER**
11780 West Sample Road · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

MAWLABAUX, an individual; CAMERON PATTISON, an individual; THI THANH XUAN DIANA VU a/k/a DIANA VU, an individual; EDMOND TRUONG, an individual; VITALIY RUDENKO, an individual; and YEW HWEE NG, an individual; demand entry of a judgment against Defendant JEREMY SPENCE, an individual, for an amount within the jurisdictional limits of this court, including an award of interest and costs.

### COUNT III – FRAUDULENT MISREPRESENTATION
**[AGAINST DEFENDANT JEREMY SPENCE]**

Plaintiffs re-allege, and adopt by reference herein, Paragraphs 1 - 68 above, and further allege:

78.     SPENCE, by acts of both omission and commission, made false statements to Plaintiffs concerning material facts about their investments.

79.     SPENCE knew or should have known, at the time the statements were made, that the statements were false.

80.     SPENCE intended Plaintiffs would rely on the false statements of fact made to them.

81.     In the course of investing their money through SPENCE and entrusting SPENCE to properly handle their investments in the supposed CSM FUND, Plaintiffs reasonably and justifiably relied on the statements of fact made to them by SPENCE.

82.     As a direct and proximate result of Plaintiffs' reliance on the statements made to them by SPENCE, Plaintiffs have suffered damage.

WHEREFORE, Plaintiffs MANFRED LAGEMANN, an individual; STEVEN KOENIG, an individual; MITCH STERCKX, an individual; AIVARAS CEPELIS, an individual; ROLAND MAWLABAUX, an individual; CAMERON PATTISON, an individual; THI THANH XUAN DIANA VU a/k/a DIANA VU, an individual; EDMOND TRUONG, an individual; VITALIY RUDENKO, an individual; and YEW HWEE NG, an individual; demand entry of a judgment

**SILVER MILLER**
11780 West Sample Road · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

against Defendant JEREMY SPENCE, an individual, for an amount within the jurisdictional limits of this court, including an award of interest and costs.

## COUNT IV – NEGLIGENT MISREPRESENTATION
### [AGAINST DEFENDANT JEREMY SPENCE]

Plaintiffs re-allege, and adopt by reference herein, Paragraphs 1 - 68 above, and further allege:

83.     SPENCE, by acts of both omission and commission, made false statements to Plaintiffs concerning material facts about their investments.

84.     SPENCE knew or should have known, at the time the statements were made, that the statements were false.

85.     SPENCE intended Plaintiffs would rely on the false statements of fact made to them.

86.     In the course of investing their money through the CSM FUND Defendants and entrusting the CSM FUND Defendants to properly handle their investments, Plaintiffs reasonably and justifiably relied on the statements of fact made to them by SPENCE.

87.     As a direct and proximate result of Plaintiffs' reliance on the statements made to them by SPENCE, Plaintiffs have suffered damage.

WHEREFORE, Plaintiffs MANFRED LAGEMANN, an individual; STEVEN KOENIG, an individual; MITCH STERCKX, an individual; AIVARAS CEPELIS, an individual; ROLAND MAWLABAUX, an individual; CAMERON PATTISON, an individual; THI THANH XUAN DIANA VU a/k/a DIANA VU, an individual; EDMOND TRUONG, an individual; VITALIY RUDENKO, an individual; and YEW HWEE NG, an individual; demand entry of a judgment against Defendant JEREMY SPENCE, an individual, for an amount within the jurisdictional limits of this court, including an award of interest and costs.

**SILVER MILLER**
11780 West Sample Road · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

## COUNT V – RESCISSION
### [AGAINST DEFENDANT JEREMY SPENCE]

Plaintiffs re-allege, and adopt by reference herein, Paragraphs 1 - 68 above, and further allege:

88.     The terms of participation and investment in the CSM FUND constitute a contract between: (1) Plaintiffs and (2) SPENCE, who acted through a sham entity (COIN SIGNALS) that was never legally registered as a business with any governmental authority.

89.     The terms of participation and investment in the CSM FUND called for an investment of cryptocurrency by Plaintiffs.

90.     As a result of the CSM FUND Defendants' fraud, false representations, and violation of federal and state securities laws in connection with the CSM FUND, Plaintiffs state their demand that the contract be rescinded and canceled.

91.     To the extent that Plaintiffs have received from the CSM FUND any legitimately derived benefits through the contract -- though none are known to them at this time -- Plaintiffs hereby offer to restore those benefits once they are identified and can be quantified.  As of the date of filing this pleading, though, the only "benefits" Plaintiffs appear to have received are merely reallocations of investment funds contributed by other CSM FUND participants, and the CSM FUND was nothing more than a Ponzi scheme operated by the CSM FUND Defendants.

92.     As a direct and proximate cause of SPENCE's conduct, Plaintiffs have been damaged.

93.     SPENCE is subject to liability because he is believed to control the assets invested by Plaintiffs which must be disgorged and returned to Plaintiffs in effectuating the rescission of the contract into which they were unlawfully led.

WHEREFORE, Plaintiffs MANFRED LAGEMANN, an individual; STEVEN KOENIG, an individual; MITCH STERCKX, an individual; AIVARAS CEPELIS, an individual; ROLAND MAWLABAUX, an individual; CAMERON PATTISON, an individual; THI THANH XUAN

**SILVER MILLER**
11780 West Sample Road · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

DIANA VU a/k/a DIANA VU, an individual; EDMOND TRUONG, an individual; VITALIY RUDENKO, an individual; and YEW HWEE NG, an individual; demand entry of a judgment against Defendant JEREMY SPENCE, an individual, for an amount within the jurisdictional limits of this court, including an award of interest and costs.

## COUNT VI – UNJUST ENRICHMENT
### [AGAINST DEFENDANT JEREMY SPENCE]

Plaintiffs re-allege, and adopt by reference herein, Paragraphs 1 - 68 above, and further allege:

94.     Plaintiffs had a direct relationship with SPENCE whereby Plaintiffs conferred a benefit upon SPENCE including, but not limited to, the cryptocurrency invested in the CSM FUND (which SPENCE misappropriated for his own corporate and personal benefits) as well as the fees and commissions (which SPENCE disingenuously characterized as a "tip") paid to SPENCE for managing Plaintiffs' investments in the CSM FUND.

95.     SPENCE was enriched by Plaintiffs at Plaintiffs' expense.

96.     SPENCE has reaped the benefits of operating and/or personally benefiting from inducing Plaintiffs to invest in a fraudulent Ponzi/pyramid scheme, thereby causing Plaintiffs actual harm.

97.     It would be unconscionable and against the fundamental principles of justice, equity, and good conscience for SPENCE to retain the substantial monetary benefits he has received as a result of his misconduct.

98.     To remedy SPENCE's unjust enrichment, the Court should order SPENCE to immediately return Plaintiffs' investments and disgorge any amounts received by SPENCE as a result of his misconduct alleged herein.

WHEREFORE, Plaintiffs MANFRED LAGEMANN, an individual; STEVEN KOENIG, an individual; MITCH STERCKX, an individual; AIVARAS CEPELIS, an individual; ROLAND MAWLABAUX, an individual; CAMERON PATTISON, an individual; THI THANH XUAN

**SILVER MILLER**
11780 West Sample Road · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

DIANA VU a/k/a DIANA VU, an individual; EDMOND TRUONG, an individual; VITALIY RUDENKO, an individual; and YEW HWEE NG, an individual; demand entry of a judgment against Defendant JEREMY SPENCE, an individual, for an amount within the jurisdictional limits of this court, including an award of interest and costs.

## COUNT VII – CONVERSION
### [AGAINST DEFENDANT JEREMY SPENCE]

Plaintiffs re-allege, and adopt by reference herein, Paragraphs 1 - 68 above, and further allege:

99.     Plaintiffs transferred funds and assets to SPENCE for investment to participate in the CSM FUND.

100.     SPENCE has kept all or a portion of Plaintiffs' funds and assets after Plaintiffs requested their return, despite SPENCE's lack of any ownership interest in the assets.

101.     By refusing to return to Plaintiffs their assets, SPENCE intended to interfere with, and indeed has interfered with, Plaintiffs' ownership and interest in those holdings and has deprived Plaintiffs of their property, permanently or temporarily.

102.     Upon information and belief, SPENCE has utilized all or a portion of Plaintiffs' funds and assets to cover SPENCE's own business expenses and to enrich himself.

103.     As a result of SPENCE's conversion of Plaintiffs' funds and assets to his own corporate and personal uses, Plaintiffs have suffered damage.

WHEREFORE, Plaintiffs MANFRED LAGEMANN, an individual; STEVEN KOENIG, an individual; MITCH STERCKX, an individual; AIVARAS CEPELIS, an individual; ROLAND MAWLABAUX, an individual; CAMERON PATTISON, an individual; THI THANH XUAN DIANA VU a/k/a DIANA VU, an individual; EDMOND TRUONG, an individual; VITALIY RUDENKO, an individual; and YEW HWEE NG, an individual; demand entry of a judgment against Defendant JEREMY SPENCE, an individual, for an amount within the jurisdictional limits of this court, including an award of interest and costs.

**SILVER MILLER**
11780 West Sample Road · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

## COUNT VIII – CIVIL CONSPIRACY
### [AGAINST JEREMY SPENCE, CRUZ-HERRERA, AND JOHN DOE NO. 1 A/K/A BLACKXANTUS]

Plaintiffs re-allege, and adopt by reference herein, Paragraphs 1 - 68 above, and further allege:

104.    The CSM FUND Defendants conspired with one another to perpetrate an unlawful act upon Plaintiffs or to perpetrate a lawful act by unlawful means, *to wit*: they made multiple misrepresentations of fact to Plaintiffs in an effort to extract from Plaintiffs funds, assets, and cryptocurrency to fund the CSM FUND Defendants' own business expenses and to enrich themselves, not to fund the purportedly legitimate purpose to which Plaintiffs were told by the CSM FUND Defendants that their investment assets were being applied – all of which put the CSM FUND Defendants' own pecuniary interest ahead of Plaintiffs' welfare and economic safety.

105.    The CSM FUND Defendants solicited and/or accepted from Plaintiffs large sums of funds, assets, and cryptocurrency while withholding from Plaintiffs certain material facts, including:

(a) The CSM FUND Defendants did not utilize a proprietary, secret trading system that helped its investors generate far-greater-than-average returns on their investments;

(b) Investment returns were not legitimately generated and were simply a reallocation of new CSM FUND investors' money used to pay the promised returns on outstanding CSM FUND investors' investments in classic Ponzi scheme fashion;

(c) COIN SIGNALS was not a legally formed entity registered with any governmental authority, including the New York Department of State's Division of Corporations;

(d) The CSM FUND was not registered as a hedge fund with, nor did it obtain an exemption from registration from, any state or federal securities regulatory authority;

(e) The account statements presented to each investor, including Plaintiffs, purporting to reflect the investor's holdings in the CSM FUND were fabricated by the CSM FUND Defendants with false and misleading information;

(f) The profit and loss statements presented to CSM FUND investors, including Plaintiffs, which purported to reflect the financial strength of

**SILVER MILLER**
11780 West Sample Road · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

the CSM FUND were fabricated by the CSM FUND Defendants with false and misleading information;

(g) The CSM FUND was not a hedge fund at all; and

(h) The confidence the CSM FUND Defendants had instilled in Plaintiffs based on SPENCE's purported success as a cryptocurrency investor was entirely baseless, as SPENCE made his profits by operating a Ponzi scheme, not through verifiable investment strategies.

106.   The CSM FUND Defendants each agreed to the illicit purpose for garnering investment monies from Plaintiffs so that the CSM FUND Defendants could pay off debts entirely unrelated to the CSM FUND and so they could enjoy lavish lifestyles with Plaintiffs' funds, assets, and cryptocurrency.

107.   The CSM FUND Defendants were each aware of, and consented to, the misrepresentations detailed above and knew that the efforts to garner funds, assets, and cryptocurrency from Plaintiffs was all part of a fraud aimed solely at enriching the CSM FUND Defendants without any intent to remunerate Plaintiffs in any legitimate way purported by the CSM FUND.

108.   In furtherance of their conspiracy, the CSM FUND Defendants made to Plaintiffs, or agreed to have someone make on their behalf, the false statements of fact detailed above and purposefully withheld from Plaintiffs certain material facts detailed above in a concerted effort to obtain Plaintiffs' funds, assets, and cryptocurrency.

109.   To fulfill his role in the conspiracy, Defendant SPENCE solicited investors to contribute assets to the CSM FUND, made numerous misrepresentations of material fact about his credentials and the CSM FUND itself, and pretended to be operating a legitimate, legally-compliant hedge fund.  For his role in the conspiracy, SPENCE was duly compensated.

110.   To fulfill his role in the conspiracy, Defendant CRUZ-HERRERA -- appearing under the screen name CryptoSpaceGuy -- actively participated in the Discord chatroom as a strong

**SILVER MILLER**
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 516-6000
www.SilverMillerLaw.com

supporter of SPENCE and the CSM FUND; and he knowingly presented to Plaintiffs a false representation of the CSM FUND and of SPENCE.  In addition, CRUZ-HERRERA -- with SPENCE's knowledge and consent -- withheld from Plaintiffs and the other members of the Discord subgroup CRUZ-HERRERA's close relationship with SPENCE and the financial interests they shared in the CSM FUND and other business ventures.  For his role in the conspiracy, CRUZ-HERRERA was duly compensated.

111.    To fulfill his role in the conspiracy, Defendant JOHN DOE NO. 1 a/k/a BLACKXANTUS managed a computerized program (a "bot") on Discord which served as the primary method of moving CSM FUND investors' assets around.   Through his efforts, BLACKXANTUS manufactured false investment account balances for each investor in the CSM FUND, misled each investor as to how much the investor's investment in the FUND was worth, and helped distribute falsely-generated profits from the CSM FUND when those distributions were actually nothing more than a reallocation of new investors' funds to older investors.  For his role in the conspiracy, BLACKXANTUS was duly compensated.

112.    The CSM FUND Defendants, through the CSM FUND, conducted no legitimate investment fund -- something of which the CSM FUND Defendants were aware and which they accepted as part of the scheme to defraud CSM FUND investors and accountholders, including Plaintiffs.

113.    As a direct and proximate result of the CSM FUND Defendants' conspiracy, Plaintiffs have suffered damage.

WHEREFORE, Plaintiffs MANFRED LAGEMANN, an individual; STEVEN KOENIG, an individual; MITCH STERCKX, an individual; AIVARAS CEPELIS, an individual; ROLAND MAWLABAUX, an individual; CAMERON PATTISON, an individual; THI THANH XUAN DIANA VU a/k/a DIANA VU, an individual; EDMOND TRUONG, an individual; VITALIY

**SILVER MILLER**
11780 West Sample Road · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

RUDENKO, an individual; and YEW HWEE NG, an individual; demand entry of a judgment against Defendant JEREMY SPENCE, an individual, JAIME CRUZ-HERRERA, an individual; and JOHN DOE NO. 1 a/k/a BLACKXANTUS, an individual, jointly and severally, for an amount within the jurisdictional limits of this court, including an award of interest and costs.

## COUNT IX – ACCOUNTING
### [AGAINST JEREMY SPENCE AND JOHN DOE NO. 1 A/K/A BLACKXANTUS]

Plaintiffs re-allege, and adopt by reference herein, Paragraphs 1 - 68 above, and further allege:

114.   COIN SIGNALS and the CSM FUND, acting through SPENCE and BLACKXANTUS, owes fiduciary duties to its shareholders.

115.   Despite Plaintiffs' requests, SPENCE and BLACKXANTUS have refused to provide Plaintiffs access to the CSM FUND's books and records, including information reflecting where and how their investments have been utilized and how much of Plaintiffs' invested funds still remain under the control of the CSM FUND, SPENCE and/or BLACKXANTUS.

116.   The manner in which SPENCE and BLACKXANTUS pooled and allocated cryptocurrency assets invested into the CSM FUND are so complicated that a jury would not be able to ascertain damages.

117.   The sole means of ascertaining such information and documentation are within the control of SPENCE and BLACKXANTUS.

118.   Because all of the account statements, profit and loss statements, and other books and records of the CSM FUND created and published by SPENCE and BLACKXANTUS are fabricated to present false and misleading information that does not reveal the true contributions and holdings of each CSM FUND participant, Plaintiffs have no adequate remedy at law that would allow them to ascertain the true measure of their damages.

119.   An accounting is required to determine the amount of money owed to Plaintiffs.

**SILVER MILLER**
11780 West Sample Road · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

WHEREFORE, Plaintiffs MANFRED LAGEMANN, an individual; STEVEN KOENIG, an individual; MITCH STERCKX, an individual; AIVARAS CEPELIS, an individual; ROLAND MAWLABAUX, an individual; CAMERON PATTISON, an individual; THI THANH XUAN DIANA VU a/k/a DIANA VU, an individual; EDMOND TRUONG, an individual; VITALIY RUDENKO, an individual; and YEW HWEE NG, an individual; demand from Defendants JEREMY SPENCE, an individual, and JOHN DOE NO. 1 a/k/a BLACKXANTUS, an individual, jointly and severally, an accounting of Plaintiffs' investments in the COIN SIGNALS MEX FUND.

## COUNT X – IMPOSITION OF A CONSTRUCTIVE TRUST
### [AGAINST JEREMY SPENCE, GERARD SPENCE, AND EMILY SPENCE]

Plaintiffs re-allege, and adopt by reference herein, Paragraphs 1 - 68 above, and further allege:

120.    This is an action to impose a constructive trust upon the property taken from Plaintiffs that is currently held by Defendants SPENCE, GERARD SPENCE, and EMILY SPENCE. This action further calls for the restoration to Plaintiffs of that wrongfully obtained property.

121.    As set forth above, SPENCE -- through actual fraud, abuse of confidence, or other questionable means -- has obtained Plaintiffs' cryptocurrency, which in equity and good conscience he should not be permitted to hold.

122.    Upon information and belief, SPENCE -- after obtaining from Plaintiffs their cryptocurrency -- has since transferred some or all of those assets to his parents (GERARD SPENCE and EMILY SPENCE), who are believed to be holding those assets or have them held for them by SPENCE in cryptocurrency wallets or trading accounts under their names.

123.    The cryptocurrency assets at issue are specific, identifiable property and can be traced in assets of Defendants SPENCE, GERARD SPENCE, and EMILY SPENCE.

WHEREFORE, Plaintiffs MANFRED LAGEMANN, an individual; STEVEN KOENIG, an individual; MITCH STERCKX, an individual; AIVARAS CEPELIS, an individual; ROLAND MAWLABAUX, an individual; CAMERON PATTISON, an individual; THI THANH XUAN

**SILVER MILLER**
11780 West Sample Road · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

DIANA VU a/k/a DIANA VU, an individual; EDMOND TRUONG, an individual; VITALIY RUDENKO, an individual; and YEW HWEE NG, an individual; demand the equitable imposition of a constructive trust over the property taken from Plaintiffs that is currently held by Defendants JEREMY SPENCE, an individual, GERARD SPENCE, an individual; and EMILY SPENCE, an individual; and further demand the restoration to Plaintiffs of that wrongfully obtained property.

## PLAINTIFFS' DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury in this action of all issues so triable.

## RESERVATION OF RIGHTS

Plaintiffs reserve their right to further amend this Complaint, upon completion of their investigation and discovery, to assert any additional claims for relief against Defendants or other parties as may be warranted under the circumstances and as allowed by law.

Respectfully submitted,

**THE BRAUNSTEIN LAW FIRM, PLLC**

By:  _/s/ MICHAEL L. BRAUNSTEIN_
Michael L. Braunstein, Esq.
3 Eberling Drive
New City, New York 10956
Telephone:       (845) 642-5062
E-mail: mbraunstein@braunsteinfirm.com

- and -

**SILVER MILLER**
11780 W. Sample Road
Coral Springs, Florida 33065
Telephone:     (954) 516-6000
DAVID C. SILVER (*pro hac vice forthcoming*)
E-mail: DSilver@SilverMillerLaw.com
JASON S. MILLER (*pro hac vice forthcoming*)
E-mail: JMiller@SilverMillerLaw.com

*Counsel for Plaintiffs*

Dated:   December 26, 2018