**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Civil Action No. 1:18-cv-12218-GBD

MANFRED LAGEMANN, an individual; STEVEN KOENIG, an individual;
MITCH STERCKX, an individual; AIVARAS CEPELIS, an individual;
ROLAND MAWLABAUX, an individual; CAMERON PATTISON, an individual;
THI THANH XUAN DIANA VU a/k/a DIANA VU, an individual;
EDMOND TRUONG, an individual; VITALIY RUDENKO, an individual;
and YEW HWEE NG, an individual;

      Plaintiffs,

v.

JEREMY SPENCE, an individual; JAIME CRUZ-HERRERA, an individual;
JOHN DOE NO. 1 a/k/a BLACKXANTUS, an individual;
GERARD SPENCE, an individual; and EMILY SPENCE, an individual;

      Defendants.

_____/

## ORDER GRANTING PRELIMINARY INJUNCTION
## AGAINST DEFENDANT JEREMY SPENCE

      This matter came before the Court on Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Injunction against Defendant JEREMY SPENCE (the "Motion").[1]  On January 24, 2019, the Court entered against Defendant JEREMY SPENCE a Temporary Restraining Order.[2]  In the Temporary Restraining Order, the Court scheduled a January 31, 2019 hearing at which Defendant JEREMY SPENCE would be allowed to show good cause why this Court should not enter a preliminary injunction, enjoining the violations of law alleged in Plaintiffs' Complaint, and imposing such additional relief as the Court deems just and proper, pending final ruling on the claims asserted against Defendant JEREMY SPENCE.[3]  At the request of Plaintiffs' counsel, the hearing was rescheduled to February 7, 2019.[4]

---

[1] Docket Entry No. ("DE") 13.

[2] DE 28.

[3] DE 28 at 5.

[4] DE 30.

In evaluating the Motion, this Court has considered the following factors: (1) whether the movants have a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movants' favor; (2) whether the movants would suffer irreparable injury absent injunctive relief; (3) whether the balance of hardships tips in the movants' favor; and (4) whether the public interest would not be disserved by granting the injunctive relief.[5]

Having reviewed the Motion, the file, having heard argument from Plaintiffs' counsel, and being otherwise sufficiently advised in the premises, the Court hereby finds as follows:

1.       Plaintiffs have shown a likelihood of success on the merits of their claims against Defendant JEREMY SPENCE for fraudulent inducement, breach of fiduciary duty, fraudulent misrepresentation, negligent misrepresentation, rescission, unjust enrichment, conversion, as well as an accounting and for imposition of a constructive trust and disgorgement of funds held by JEREMY SPENCE in his own name or any entity under his control, including the unregistered business entity COIN SIGNALS, in connection with Plaintiffs' investments in the collection of hedge funds including the ALTS FUND, the LONG TERM FUND, and primarily for the purposes of this lawsuit, the COIN SIGNALS MEX FUND ("CSM FUND") as well as managed entry to an Initial Coin Offering (the "Evermarkets ICO") (all investment vehicles collectively the "FUND") promoted and managed by JEREMY SPENCE.

2.       Moreover, Plaintiffs' claims raise "sufficiently serious questions going to the merits to make them a fair ground for litigation."

---

[5] *See, Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 894-95 (2d Cir. 2015) (internal citations omitted); *Echo Design Grp. v. Zino Davidoff S.A.*, 283 F. Supp. 2d 963, 966 (S.D.N.Y. 2003).

3.     Specifically, in reliance on the representations as they had been made to Plaintiffs by, *inter alia*, JEREMY SPENCE, Plaintiffs made the following investments in the FUND:

| **NAME** | **ASSETS INVESTED** | **APPROX. VALUATION OF ASSETS INVESTED (as of June 1, 2018)** |
|---|---|---|
| Manfred Lagemann | 17.2 bitcoin<br>9 Ether | $129,000.00<br>$5,400.00 |
| Steven Koenig | 7.8 bitcoin | $58,500.00 |
| Mitch Sterckx | 22.6 bitcoin<br>12 Ether | $169,500.00<br>$7,200.00 |
| Aivaras Cepelis | 14.4 bitcoin<br>7 Ether | $108,000.00<br>$4,200.00 |
| Roland Mawlabaux | 10 bitcoin | $75,000.00 |
| Cameron Pattison | 10 bitcoin | $75,000.00 |
| Diana Vu | 11.9 bitcoin | $89,250.00 |
| Edmond Truong | 9.7 bitcoin | $72,750.00 |
| Vitaliy Rudenko | 5.4 bitcoin | $40,500.00 |
| Yew Hwee Ng | 7.5 bitcoin | $56,250.00 |
| TOTAL | 116.5 bitcoin<br>28 Ether | $ 890,550.00 |

4.     The Court finds particularly persuasive the Declaration of David Silver, which attached as Exhibit "A" to the Motion a transcript of statements issued by JEREMY SPENCE in which Mr. Spence concedes his FUND was a fraud and that he had lied to Plaintiffs, among other investors, to induce their investments and lied to them regarding his self-interested drawdowns of assets that were supposed to be maintained in the FUND for the benefit of investors, not JEREMY SPENCE himself.[6]

---

[6] DE 13-1.

5.      Plaintiffs have established that Plaintiffs' rights will be immediately and irreparably harmed absent a preliminary injunction from this Court.   Without entry of the Preliminary Injunction, Plaintiffs may be unable to recover for their equitable claims.

6.      The balance of hardships also favors Plaintiffs, because a preliminary injunction would preserve the *status quo ante* and prevent irreparable harm until such time as the Court may make a final ruling on the claims asserted against Defendant JEREMY SPENCE in the Complaint.

7.      Entry of a preliminary injunction does not disserve the public interest, which is properly served by compelling JEREMY SPENCE to honor the terms of each Plaintiffs' participation in the FUND and by promoting the objectives of the Financial Crimes Enforcement Network [FinCEN] (a division of the U.S. Department of the Treasury) and providing assurance that courts will protect investors' assets from theft and will aid investors in their recovery of stolen assets when they can be readily located and traced to specific locations, like the purloined investor assets in this action.

8.      Because of the apparent strength of Plaintiffs' case, the Court concludes that requiring security pursuant to Fed.R.Civ.P. 65(c) in anything other than a nominal amount is not appropriate in this case at this time.   To support the January 24, 2019 Temporary Restraining Order, Plaintiffs posted a bond in the amount of One Thousand Dollars and Zero Cents ($1,000.00), as payment of damages to which Defendant JEREMY SPENCE may be entitled for a wrongful injunction or restraint.[7]   The Court will not require any additional bond be posted to secure a preliminary injunction.   Upon a showing of good cause by Plaintiffs, the Court may enter a further order reducing the amount of, or waiving in its entirety, Plaintiffs' bond requirement.

---

[7] *See*, Court Docket at February 5, 2019 Cashier's Office Registry Deposit memorializing payment and receipt of the required bond.

Accordingly, **IT IS HEREBY ORDERED AND ADJUDGED** that Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Injunction against Defendant JEREMY SPENCE is **GRANTED**.

Until a final ruling is made on the claims asserted against Defendant JEREMY SPENCE in the Complaint, or until further Order of the Court, Defendant JEREMY SPENCE and his agents, servants, employees, attorneys, partners, successors, assigns, and all other persons or entities through which he/they act (including COIN SIGNALS) or who act in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, business entity, corporation, subsidiary, division or other device, or any of them[8], are hereby enjoined from withdrawing, transferring, or encumbering any assets currently held by, for, or on behalf of Defendant JEREMY SPENCE or any business entity through which he acts or which acts in active concert or participation with him; including but not limited to those assets currently held in: (1) any account maintained in the name of, by, or for COIN SIGNALS, (2) any account at any other financial institution, bank, trading exchange, or investment firm; and (3) any cryptocurrency wallet or cryptocurrency trading account they maintain or control.

The terms and conditions of this Order are immediately effective and enforceable upon its entry.

DONE and ORDERED in Chambers in New York, New York County, New York, this **FEB 1 1 2019** day of February 2019.

George B. Daniels

GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE

---

[8] "[A] decree of injunction not only binds the parties defendant but also those identified with them in interest, in 'privity' with them, represented by them or subject to their control." *Golden State Bottling Co. v. NLRB*, 414 U.S. 168, 180 (1973) (quoting *Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 14 (1945)); *see also*, Fed.R.Civ.P. 65(d)(2).