USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: DEC 1 6 2020

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MANFRED LAGEMANN, et al;                          :

                   Plaintiffs,                        :

    -against-                                            :

JEREMY SPENCE, et al;                               :

                   Defendants.                       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MEMORANDUM DECISION
AND ORDER

18 Civ. 12218 (GBD) (RWL)

GEORGE B. DANIELS, United States District Judge:

Plaintiffs, twenty-two cryptocurrency investors, bring this action against Defendants

Jeremy Spence, Jaime Cruz-Herrera, and John Doe No. 1 a/k/a Blackxantus ("Defendants")

alleging that Defendants fraudulently induced them to invest their cryptocurrency and are now

wrongfully withholding their funds. Defendant Cruz-Herrera has defaulted from this case and

the true identity of John Doe No. 1 remains unknown. Defendant Spence ("Spence") proceeds

*pro se* after the withdrawal of his counsel. Plaintiffs move for summary judgment, under Federal

Rule of Civil Procedure 56, on nine of the eleven causes of action asserted against him in their

Amended Complaint. (Notice of Mot., ECF No. 144.)

Before this Court is Magistrate Judge Robert W. Lehrburger's May 18, 2020 Report and

Recommendation (the "Report"), recommending that Plaintiffs' motion for summary judgment

be granted. (Report, ECF No. 149, at 35.) Magistrate Judge Lehrburger advised the parties that

failure to file timely objections to the Report would constitute a waiver of those objections on

appeal. (*Id.*) No objections have been filed. Having reviewed the Report for clear error and

finding none, this Court ADOPTS the Report in full.

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

Plaintiffs allege they were contacted by Spence on social media and online discussion platforms that focused on cryptocurrency investing in December 2017. (Report at 3.) According to Plaintiffs, Spence represented to Plaintiffs that he operated funds, which aggregated cryptocurrency investments and employed proprietary trading methods through which investors would receive profitable returns on their investments. (*Id.* at 4.) Spence claimed that he ran a company called Coin Signals (which controlled multiple hedge funds) and was also managing entry into an Initial Coin Offering known as the "Evermarkets ICO." (*Id.*) Plaintiffs also claim that Spence represented that he was a successful cryptocurrency trader and that his strategies could increase the value of Plaintiffs' investments. (*Id.*) Specifically, Spence represented that Plaintiffs would enjoy high growth potential with little or no risk and promised at least "20x" portfolio growth in the first year. (*Id.*)

Relying on Spence's representations, Plaintiffs transferred $3 million worth of cryptocurrency to Spence. (*Id.* 4–5.) The assets contributed by the individual investors were pooled in common investment trading accounts at several cryptocurrency exchanges. (*Id.* at 5.) After receiving the funds, Spence began misrepresenting the value of cryptocurrency accounts. (*Id.*) As the funds began to lose value Spence claimed that the losses were due to hacks and market forces that were out of his control. (*Id.*) Plaintiffs, growing concerned about the value of their investments, began withdrawing funds in late 2018. (*Id.*) After allowing some initial withdrawals Spence suspended all withdrawals in December 2018. (*Id.*)

Upon further investigation, Plaintiffs learned multiple facts about Spence and his scheme that led to the conclusion that Spence had fraudulently induced them to invest. (*Id.* at 5–6.) Chief

---

[1] A more complete procedural and factual background is set forth in the Report and is incorporated by reference herein.

2

among these revelations was that Spence did not make his money as a successful trader but instead had profited from a Ponzi scheme, that he was covering his current fraudulent conduct with Plaintiffs by providing them with fabricated account statements and balance sheets intended to hide the fact that the value of Plaintiffs' holdings was declining, and that Spence was making unauthorized payments to himself from Plaintiffs' funds.  (*Id.*)  Spence is currently holding Plaintiffs' investments and still refusing them access to make withdrawals.  (*Id.* at 6.)

Plaintiffs filed suit on December 26, 2018.  (Complaint, ECF No. 1.)  Spence, unlike his co-defendants, filed an Answer on March 22, 2019 in which he, via his attorney, answered the Complaint by invoking his Fifth Amendment right against self-incrimination.  (Report at 7.) Plaintiffs filed their first Motion for Summary Judgment on April 8, 2019, (ECF No. 66), while apparently also engaging in settlement negotiations with Spence.  (*Id.* at 8.)  After settlement negotiations broke down, Spence's attorney withdrew from the case.  (*Id.*)  Plaintiffs filed an Amended Complaint on August 27, 2019 and later filed an Amended Motion for Summary Judgment.  (*Id.*)  The Amended Motion for Summary Judgment was dismissed as moot on January 8, 2020, after Plaintiffs were unable to effectuate service upon Spence.  (*Id.* at 9.)  With Spence in the proverbial wind, Plaintiffs hired a private investigator who was unable to find a valid address for Spence. (*Id.*)  Resultantly, Magistrate Judge Lehrburger authorized alternative forms of service. (*Id.*)  Plaintiffs filed their Second Amended Motion for Summary Judgment on February 27, 2020 and Magistrate Judge Lehrburger entered a separate order directing Spence to file any opposition papers by March 23, 2020, and notifying Spence that if no opposition papers were filed the court would proceed to decide Plaintiffs' motion based upon Plaintiffs' filings.  (*Id.*; *See also* ECF No. 141.)  Spence did not file any opposition papers.  (Report at 9.)

3

## II.   LEGAL STANDARD

### A.  Reports and Recommendations.

"Although a magistrate may hear dispositive pretrial motions, he may only submit proposed findings of fact and recommendations for disposition of the matter." *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). The district court must review *de novo* the portions of a magistrate judge's report and recommendation to which a party properly objects. 28 U.S.C. § 636(b)(1)(C). However, the district court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Instead, it is sufficient that the district court "arrive at its own, independent conclusion" regarding those portions of the report to which objections are made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted). "A magistrate's ruling is contrary to law if it 'fail[s] to apply or misapplies relevant statutes, case law, or rules of procedure[.]'" *Thai Lao Lignite (Thai.) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013) (first alteration in original) (citation omitted).

### B.  Rule 56 Motion for Summary Judgment.

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the

4

nonmoving party.'" *Gayle v. Gonyea*, 313 F.3d 677, 682 (2d Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  A fact is material when it "might affect the outcome of the suit under the governing law." *Gayle*, 313 F.3d at 682 (quoting *Anderson*, 477 U.S. at 248) (internal quotation marks omitted).

The party seeking summary judgment has the burden of demonstrating that no genuine issue of material fact exists. *See Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002).  In turn, to defeat a motion for summary judgment, the opposing party must raise a genuine issue of material fact. *See Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002).  To do so, it "must do more than simply show that there is some metaphysical doubt as to the material facts," *id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)), and it "may not rely on conclusory allegations or unsubstantiated speculation," *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001) (quoting *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998)) (internal quotation marks omitted).  Rather, the opposing party must produce admissible evidence that supports its pleadings. *See First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289–90 (1968).

### C.  Pro Se Litigants.

Pro se litigants are afforded "special solicitude . . . particularly where motions for summary judgment are concerned." *Harris v. Miller*, 818 F.3d 49, 57 (2d Cir. 2016) (internal citations and quotations omitted).  Courts read the pleadings, briefs, and opposition papers of pro se litigants "liberally to raise the strongest arguments that they suggest." *Wiley v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015) (internal citation and quotations omitted); *see also Monterroso v. Sullivan & Cromwell, LLP*, 591 F. Supp. 2d 567, 577 (S.D.N.Y. 2008) ("District courts should read the pleadings of a pro se plaintiff liberally. . . . These same principles apply to briefs and oppositions

submitted by pro se litigants." (internal citations and quotations omitted)). However, "pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (internal citations and quotations omitted.)

### D. Default on Summary Judgment.

"When an adverse party does not respond to a motion for summary judgment, 'summary judgment, if appropriate, shall be entered against the adverse party.'" *Grier v. City of Mount Vernon*, No. 16 Civ. 5146, 2019 WL 1171760, at *2 (S.D.N.Y. March 13, 2019) (citation omitted). "In an unopposed motion for summary judgment, plaintiff's recitation of the facts is assumed to be true." *Wilson v. New Rochelle Police Department*, No. 13 Civ. 5997, 2014 WL 2624756, at *1 (S.D.N.Y. June 3, 2014) (citation omitted). However, "[e]ven when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004). A motion may be denied if the movant fails to meet its burden of demonstrating that no genuine issues of material fact exist, "even if no opposing evidentiary matter is presented." *Vermont Teddy Bear Co.*, 373 F.3d at 244. In evaluating whether the movant has met its burden, the Court "may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement," but "must be satisfied that the citation to evidence in the record supports the assertion." (*Id.*)

### III.   SUMMARY JUDGMENT AGAINST DEFENDANTS IS GRANTED

Given Spence's failure to file opposition papers, Magistrate Judge Lehrburger appropriately accepted as true Plaintiffs' assertions of undisputed facts and – delving into the factual record before him – correctly concluded that Plaintiffs were entitled to summary judgment.

6

Magistrate Judge Lehrburger did not merely rely on the grounds of default, rather he correctly noted that the question before him was whether the undisputed facts established the causes of action asserted in Plaintiffs' Amended Complaint. (Report at 16.) Plaintiffs moved for summary judgment on nine of their eleven causes of action: (1) Fraudulent Inducement; (2) Breach of Fiduciary Duty; (3) Fraudulent Misrepresentation; (4) Negligent Misrepresentation; (5) Rescission; (6) Unjust Enrichment; (7) Conversion; (8) Conspiracy; and (9) Commodity Pool Fraud. (Report at 6.) Magistrate Judge Lehrburger looked beyond Plaintiffs' Rule 56.1 statement and applied the factual record before him to each of the causes of action and correctly concluded that Plaintiffs were entitled to judgment against Spence on all counts. (Report 16-28.) Accordingly, this Court adopts Magistrate Judge Lehrburger's recommendation that summary judgment be granted.

## IV.    THE REPORT CORRECTLY AWARDS PLAINTIFFS' DAMAGES, COSTS, AND INTEREST AND PROPERLY DENIES ATTORNEYS' FEES

### A.  Damages, Attorneys' Fees, and Costs

Magistrate Judge Lehrburger conducted a comprehensive and careful inquest and recommended that this Court award damages and costs as specified in the Report. (Report at 29–31.) As to attorneys' fees, the Report notes that Plaintiffs have failed to establish a basis, statutory or otherwise, for fee shifting and properly concludes that Plaintiffs are not entitled to such fees. (Report at 33–34.) Accordingly, this Court adopts Magistrate Judge Lehrburger's recommended judgment to award damages and costs and deny attorneys' fees for the reasons stated in the Report.

### B.  Pre-Judgment and Post-Judgment Interest

State law governs the award of pre-judgment interest. *Schipani v. McLeod*, 541 F.3d 158, 164 (2d Cir. 2008). Magistrate Judge Lehrburger correctly found that under New York law a prevailing party seeking monetary damages is entitled to pre-judgment interest as a matter of right

7

"upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property." (Report at 31, N.Y. C.P.L.R. § 5001(a).) Here, in addition to the contractual claims alleged, Spence has been depriving Plaintiffs of access to their property in the form of investment accounts and funds. Thus, Plaintiffs are entitled to pre-judgment interest as a matter of right. The Report accurately concludes that Plaintiffs are entitled to "pre-judgement interest at a rate of 9% per annum from June 1, 2018 through the date of entry of judgment." (Report at 33.) Additionally, Magistrate Judge Lehrburger correctly concluded that an award of post-judgment interest is mandatory under 28 U.S.C. § 1961. (*Id.*)

## V.   CONCLUSION

Magistrate Judge Lehrburger's Report, (ECF No. 149), is ADOPTED. Defendant Spence is ordered to pay Plaintiffs the principal sum of $2,989,200 in damages. The Clerk of the Court is directed to calculate pre-judgment interest at a rate of 9% per annum from June 1, 2018 to the date of entry of judgment. Plaintiffs are also awarded costs, but not attorneys' fees.

Dated: December 16, 2020
New York, New York

SO ORDERED.

George B. Daniel

GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE

8